**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARK HASSAN, President of Budget Appliances & Mattresses Inc., <br>　　Plaintiff, <br><br>　　　　v. <br><br>KRISTI NOEM, Secretary, Department of Homeland Security, et al., <br>　　　　Defendants. | No. 25-cv-11469-DLC |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION**
**TO DISMISS PLAINTIFF'S COMPLAINT**

**CABELL, U.S.M.J.**

## I.  INTRODUCTION

Plaintiff Mark Hassan, President of Budget Appliances & Mattresses Inc. ("Budget Appliances" or "plaintiff"), seeks to hire a noncitizen with advanced knowledge of heating, ventilating, air conditioning, and refrigeration systems.  In order to hire a noncitizen skilled worker, an employer must obtain a labor certification from the Department of Labor ("DOL") and pay a fee in conjunction with completing an Immigrant Petition for Alien Workers ("I-140 petition" or "petition").  The United States Immigration and Citizenship Services ("USCIS") rejected three I-140 petitions filed by Budget Appliances.  It rejected a first petition, filed on January 17, 2025, because Budget Appliance did

not pay a required asylum program fee ("asylum fee").  Budget Appliance then submitted a second petition, along with the asylum fee, but USCIS rejected the petition due to an expired labor certification.  Budget Appliance thereafter submitted a third petition but USCIS rejected it again for the same reason.

Dissatisfied with the rejections, Budget Appliances filed suit seeking to compel the defendants[1] to "properly process" the I-140 petition under the Mandamus and Venue Act ("MVA"), 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.  In response, the defendants move to dismiss the complaint, specifically the MVA and APA claims.[2]  (D. 16).  For the reasons explained below, the court finds that the statutes invoked do not entitle the plaintiff to relief and therefore will allow the motion and dismiss the complaint in its entirety.[3]

---

[1] The defendants, all sued in their official capacity, are:  Kristi Noem, secretary of the Department of Homeland Security; Kika Scott, director of USCIS; Connie Nolan, associate director, USCIS Service Center Operations Directorate; Martha Medina-Maltes, director, USCIS Chicago Service Center; and Pamela Bondi, attorney general of the United States.

[2] The plaintiff does not identify which I-140 petition it seeks to have USCIS properly process.  Out of an abundance of caution, the court addresses USCIS' rejections of each petition, individually and collectively, as warranting relief under the APA and the MVA.

[3] To be clear, the complaint also seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  (D. 1, pp. 5-7, 13) (seeking declaratory judgment for USCIS "to properly process the Plaintiff's [petition]" and/or to "Declare that [USCIS] erroneously and untimely rejected the Plaintiff's application causing the Labor Certificate to become stale").  The defendants technically do not move to dismiss this claim but it too will be dismissed where the court finds the plaintiff is not entitled to relief on the merits.

## II.  THE PARTIES' ARGUMENTS

The defendants seek dismissal of the APA claim under Federal Rule of Civil Procedure 12(b)(6) because USCIS rejected the petitions in accordance with the plain language of the applicable regulations.[4]  The regulations, they contend, mandate a valid as opposed to an expired labor certification and payment of the entire filing fee *with* the petition.  Accordingly, USCIS' rejections were not arbitrary or capricious.

As to the MVA claim, the defendants contend the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) for the same reason, i.e., USCIS acted in accordance with the regulations.  More specifically, the defendants argue that the MVA claim fails because:  (1) the plaintiff lacked "a clear right" to the relief it sought, namely, to compel USCIS to process an improperly filed I-140 petition against the mandate of the applicable regulations; and (2) USCIS did not violate a "clear

---

[4] The defendants also assert that the plaintiff lacks standing to bring this action.  (D. 17, n.1).  Pertinent thereto, the caption identifies the plaintiff as "Mark Hassan, President of Budget Appliances & Mattresses Inc."  However, Budget Appliances, not Hassan, submitted the three I-140 petitions.  The defendants' counsel explained during the hearing that she asserted the argument "to preserve" as necessary a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1) if Mark Hassan as an individual, as opposed to Budget Appliances, brought this action.  As was apparent at the hearing, the defendants only seek to preserve the argument but are not pressing the argument at this juncture.  As such, the court declines to address it.

duty" to process the petitions in a manner contrary to the regulations. (D. 16, 17).

More broadly, the defendants maintain that the case is moot because USCIS acted in accordance with the regulations. (D. 17, pp. 6-8). When the court queried the defendants' counsel at the hearing regarding what she meant vis-à-vis mootness, she responded there was no case or controversy because the plaintiff filed and USCIS rejected the petitions. Hence, there was no merit to the petition, and the case was "done."

The plaintiff disagrees. Regarding the APA, and as previously stated, the plaintiff submitted a check to pay the asylum fee. Of note, the instructions direct the employer to submit the check *separately*. And, purportedly, the plaintiff did just that by promptly submitting the fee in the second petition. In addition, USCIS' rejection of the first petition based on the *minor* omission of the asylum fee that the plaintiff promptly cured by submitting the second petition with that fee was arbitrary, capricious, and contrary to law. (D. 18, pp. 2, 9-11). This is especially true because USCIS purportedly could have accepted the first petition and issued a request for evidence asking the plaintiff to submit the asylum fee as provided under 8 C.F.R. § 103.2(a)(7)(ii)(D). (D. 18, p. 10).

As to the MVA claim, the plaintiff counters that it had a clear right to relief because it provided the first petition with

an unexpired labor certification.  Additionally, USCIS had a clear duty to accept and adjudicate the first petition.  Instead, it rejected the petition due to the technical deficiency of not paying the asylum fee.  (D. 18, pp. 8-9).

Regarding mootness, the plaintiff contends it is not seeking an advisory opinion.  Rather, it seeks judicial review anent USCIS' rejection of the petitions and USCIS' refusal to recognize the January 17 filing date.  Effective relief is available, per the plaintiff, because the court can "'hold unlawful and set aside agency action' that is arbitrary, capricious, or contrary to law" under the APA.  (D. 18, p. 7) (quoting 5 U.S.C. § 706(2)).

Lastly, the plaintiff maintains that the foregoing, coupled with its diligent efforts to correct the asylum fee error via the second petition and USCIS' repeated rejections, warrant equitable tolling.[5]    A   critical   fact   constituting   extraordinary circumstances, or so the plaintiff contends, is that USCIS held the first petition for thirteen days before rejecting it and, during that time, the labor certification expired.  (D. 18, p. 10) (D. 21, pp. 2, 6, 10).  The tolling, the plaintiff explains, would date the second petition as filed on January 17, 2025, and thereby

---

[5] As elaborated in more detail elsewhere, equitable tolling requires the party seeking the tolling to "prove:   '(1) that he has been pursuing his rights *diligently*, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Kwoka v. Enterprise Rent-A-Car Company of Boston, LLC*, 141 F.4th 10, 17 (1st Cir. 2025) (quoting *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016)) (emphasis added).

encompass a valid, unexpired labor certification. (D. 21, p. 11) (the plaintiff's brief asking to "reinstate the priority date of January 17, 2025, as the original filing date"); (D. 18, pp. 10-11) (the plaintiff's brief stating, "Plaintiff diligently filed the I-140 petition within the labor certification's statutory window along with USCIS' repeated erroneous rejections constitute extraordinary circumstances" and asking to "credit[] the original timely filing date"). Specifically, using the January 17 filing date for the second petition renders the labor certification not expired pursuant to 20 C.F.R. § 656.30(b)(1) ("section 656.30(b)(1)"), per the plaintiff's argument.[6] It is this 180-day time limit which renders the labor certification expired that the plaintiff seeks to equitably toll. (D. 18, p. 10); (D. 21, p. 3) (the plaintiff's brief citing 180-day rule in section 656.30(b) as the applicable regulation).

Relatedly, the plaintiff argues that the time limit in section 656.30(b) is a claims-processing rule rather than a jurisdictional limit and, as such, can be waived. (D. 21, pp. 3-4, 6-7). The plaintiff also asserts additional circumstances that support equitable tolling. These are set out in the discussion section on equitable tolling under Roman numeral V(D).

---

[6] By way of background, under section 656.30(b)(1), a labor certification typically expires 180 days after DOL granted the certification. 20 C.F.R. § 656.30(b)(1).

6

III.   **LEGAL STANDARD**

A.   **Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face" even if actual proof of the facts is improbable.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Miller v. Town of Wenham*, 833 F.3d 46, 51 (1st Cir. 2016).  The "standard is not akin to a probability requirement," but it" requires "more than a sheer possibility that a defendant has acted unlawfully."  *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (citations and internal quotation marks omitted).  In order for a party to "survive a motion to dismiss, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  *In re ARIAD Pharms. Sec. Litig.*, 842 F.3d 744, 756 (1st Cir. 2016) (quoting *Twombly*, 550 U.S. at 570).

B.   **Rule 12(b)(1)**

In considering a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the court credits the plaintiff's well-pled factual allegations in the complaint and "draw[s] all reasonable inferences in the plaintiff's favor."  *Andersen v. Vagaro, Inc.*, 57 F.4th 11, 13 (1st Cir. 2023) (citation omitted).  It is also permissible to "consider evidence submitted by a defendant . . . ."  *Strahan v. Roughead*, 910 F. Supp. 2d 358, 363-364 (D. Mass. 2012) (citing *Merlonghi v. United States*, 620 F.3d 50, 54 (1st

7

Cir. 2010)) (additional citation omitted).  Where, as here, the defendants challenge subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction.  *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007); *Davis v. Massachusetts*, 779 F. Supp. 3d 92, 97 (D. Mass. 2025) ("[P]ursuant to Rule 12(b)(1), 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'") (quoting *Johansen*, 506 F.3d at 68).

## IV.    <u>FACTUAL BACKGROUND</u>[7]

The facts are straightforward.  Budget Appliances applied for and received a labor certification from DOL.  (D. 1, p. 39).  The certification expired on January 22, 2025.  (D. 1, pp. 31, 39).  By way of background, to issue a labor certification, DOL must determine:

> (I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

> (II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

---

[7] The facts are culled from the complaint (D. 1, pp. 4-14) and the exhibits (D. 1, pp. 16-112).  *See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) ("Exhibits attached to the complaint are properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6).") (citations omitted).

8 U.S.C. § 1182(a)(5)(A)(i).[8]

By letter dated January 9, 2025, Budget Appliances offered Fadi Fares, a noncitizen residing in Sweden, employment as a skilled worker, specifically, an HVAC Supervisor Technician at its Detroit facility. (D. 1, pp. 29, 77-78). Fares accepted the offer on January 13. (D. 1, p. 78).

On January 17, the company submitted the first petition with the labor certification to USCIS seeking to employ Fares. USCIS received the petition the same day. (D. 1, pp. 8, 81). The petition included a check for the general filing fee in the amount of $715.00, but not the asylum fee. (D. 1, pp. 8, 95). Regarding the latter, the plaintiff acknowledged that it did not include the $300.00 asylum fee. (D. 1, p. 9) ("Counsel received the notice on February 7, 2025, and swiftly submitted the petition a second time with the new Asylum Program Fee in the amount of $300.00."). The fees applicable to an I-140 petition consist of a general filing fee ($715.00) and an asylum fee ($300.00).[9] (D. 1, p. 112); 8 C.F.R. § 106.2(c)(13). The instructions for the asylum fee state, "If paying by check or money order, submit the fee separately." (D. 1, p. 112).

---

[8] During the hearing, the plaintiff's counsel noted, correctly, that the labor certification process can take more than a year. *See* PERM Processing Times, https://flag.dol.gov/processingtimes (last visited February 24, 2025); *see generally Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice.").

[9] USCIS implemented the asylum fee in March 2024.

On January 30, USCIS rejected the first petition because the payment was incorrect or had not been provided.  (D. 1, p. 81).  The accompanying letter from USCIS explained that the plaintiff could resubmit the benefit request "as a new filing" and that the "rejected benefit request will *not* retain a filing date."[10]   (D. 1, p. 82) (emphasis added).  Further, the letter stated, in no uncertain terms, that if Budget Appliances filed another petition, it "must meet all requirements *as of the date of the new filing*." (D. 1, p. 82) (emphasis added); (D. 1, p. 82) (also noting the petition was "not yet considered properly filed").  As previously stated, the labor certification expired on January 22, i.e., during the time USCIS was reviewing the first petition.  (D. 1, pp. 31, 39).

Budget Appliances received the rejection notice on February 7.  (D. 1, p. 9).  The next day, it mailed the second petition along with the general filing fee and the asylum fee.  (D. 1, pp. 86-87).  In particular, the petition included two checks, one for the general filing fee ($715.00) and the other for the asylum fee

---

[10] The letter refers to a "benefit request" as opposed to the petition.  The different terminology is immaterial.  In that regard, the regulations define a "benefit request" as any petition relating to immigration, a broad category that would include the three petitions.  8 C.F.R. § 1.2 (defining "benefit request" as "any application, petition, . . . or other request relating to an immigration . . . benefit . . ."); *id.* (Petition defined simply as "See Benefit request.").  Given the immateriality of the distinction, the court refers, at times, to a petition as opposed to a benefit request when referencing a regulation.

($300.00).   (D. 1, p. 86).   USCIS received the second petition on February 11.   (D. 1, p. 90).

On February 27, USCIS rejected the second petition, this time for failure to submit a valid labor certification.   (D. 1, p. 90). Budget Appliances received this second rejection notice on March 10.   (D. 1, p. 95) (March 10 letter by Budget Appliances' counsel to USCIS noting receipt of rejection notice with receipt number IE0930345961); (D. 1, p. 90) (rejection notice with same receipt number).   The rejection notice invited Budget Appliances to resubmit the petition if it had "a valid Labor Certification." (D. 1, p. 90).

On March 11, Budget Appliances' counsel wrote a letter to USCIS asking the agency to "retain January 17 as the original date of filing . . . ."   (D. 1, pp. 9, 95).   The letter noted that Hassan and the plaintiff's counsel had telephoned USCIS and explained the two previous rejections.   As stated in the letter, the USCIS official on the phone could not locate the rejection notices and advised them "to resubmit the package and include a letter explaining what happened because [they] originally filed the petition before the Labor Certification expired on January 22, 2025."   (D. 1, p. 95).   Counsel "then re-mailed the petition a third time" on March 11.   (D. 1, p. 9).   USCIS received this third petition on March 12.   (D. 1, p. 100).   On April 3, the agency

11

rejected the petition again due to the absence of a valid labor certification.  (D. 1, p. 100).  This lawsuit followed.

## V.  DISCUSSION

As noted, the defendants move to dismiss the APA claim under Rule 12(b)(6) and the MVA claim for lack of subject matter jurisdiction under Rule 12(b)(1).  They also maintain the case is moot.  After explaining why the case is not moot, the court examines the APA claim, the MVA claim, and equitable tolling seriatim.

## A.  Mootness

"[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Gutierrez v. Saenz*, 606 U.S. 305, 320 (2025) (citation and internal quotation marks omitted).  "[M]ootness enforces the mandate that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed."  *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013).

Here, the plaintiff seeks review of USCIS' rejections of one or more of the petitions and to compel USCIS to properly process the petitions.  In that regard, the complaint asks this court to "*grant* the I-140 petition pursuant to [the [plaintiff's] statutory and regulatory rights."  (D. 1, p. 13) (emphasis added).  Notably, the APA encompasses such relief because it allows a reviewing court

12

to "hold unlawful and *set aside* agency action" that is "arbitrary, capricious, . . . or otherwise not in accordance with law."  5 U.S.C. § 706(2) (emphasis added).  As a result, it is not impossible for the court to grant effectual relief.  Consequently, this action is not moot.

## B.  APA Claim

"Under the APA, a reviewing court may" hold unlawful and "set aside an agency's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law,' such as if it is 'unsupported by substantial evidence.'"  *Atieh v. Riordan*, 797 F.3d 135, 138 (1st Cir. 2015) (quoting 5 U.S.C. § 706(2)) (additional citation omitted).  "An agency action is arbitrary and capricious when the agency[:]

> relied on improper factors, failed to consider pertinent aspects of the problem, offered a rationale contradicting the evidence before it, or reached a conclusion so implausible that it cannot be attributed to a difference of opinion or the application of agency expertise.

*Kinuthia v. Biden*, 702 F. Supp. 3d 5, 10 (D. Mass. 2023) (citing *Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016)).

The "standard is quite narrow" and review of the agency's "decision[] is 'highly deferential.'"  *Atieh*, 797 F.3d at 138 (citation omitted).  Hence, "[a] court 'may not substitute its judgment for that of the agency, even if it disagrees with the agency's conclusions."  *Kinuthia*, 702 F. Supp. 3d at 10 (citation

and internal brackets omitted).  "If the agency's decision is supported by any rational view of the record, a reviewing court must uphold it."  *Atieh*, 797 F.3d at 138 (citation omitted).

Here, the defendants repeatedly argue that they complied with the relevant regulations.  Concerning the first petition, USCIS rejected it given the failure to pay the asylum fee.  As explained below, the rejection is supported by a rational view of the record.

First, payment of the asylum fee is required for employers who file an I-140 petition.  8 C.F.R. § 106.2(c)(13) ("[T]he Asylum Program Fee must be paid by any petitioner filing . . . an Immigrant Petition for Alien Worker, I-140 Form . . . .").  Second, a separate regulation mandates that "[e]ach form, benefit request, or other document must be filed *with* the fee(s) required by regulation."  8 C.F.R. § 103.2(a)(7)(ii)(D) (emphasis added).  Third, another regulation states that, "[e]xcept as otherwise provided in this chapter I, fees must be paid *when* the request is filed or submitted." [11]  8 C.F.R. § 103.2(a)(1) (emphasis added); *see also* 8 C.F.R. § 103.2(a)(7)(ii)(C) ("A benefit request will be rejected if it is not: . . . (C) Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request[.]").

---

[11] The plaintiff aptly does not identify a Chapter I regulation that provides otherwise.

USCIS' action aligns with these regulations.  It rejected the first petition because it did not include the correct fees, namely, the asylum fee.  Further, the plaintiff does not dispute and, in fact, repeatedly notes there was a fee deficiency in the first petition, albeit minor or technical.

Contrary to the plaintiff's position, the failure to submit the asylum fee is neither minor nor technical.  Rather, as indicated above, it is required by mandatory language in the regulations.  8 C.F.R. § 103.2(a)(1) (stating "fees *must* be paid when the request is filed") (emphasis added); 8 C.F.R. § 103.2(a)(7)(ii)(D) (stating "benefit request will be rejected if" not submitted with correct fees).  In short, the asylum fee must be filed with the petition or, stated differently, when the petition is filed.  *See Cowboy World Corp. v. Bondi*, No. 24-CV-9929 (RA), 2025 WL 3287640, at *3 (S.D.N.Y. Nov. 25, 2025) ("Asylum Program Fee, like all the other fees, is a fee 'required by regulation'" and "failure to pay" this fee "is a sufficient ground for the rejection of Petitioner's I-140.") (citing 8 C.F.R. §§ 103.2(a)(1), 103.2(a)(7)(ii)(D), 106.2(c)(13)).

The petitioner next asserts that USCIS could have accepted the first petition "initially and issued a Request for Evidence" asking for the asylum fee under 8 C.F.R. § 103.2(a)(7)(ii)(D). (D. 18, p. 10).  This regulation reads as follows:

(1)    If USCIS *accepts* a benefit request and *determines later* that the request was not accompanied by the correct fee, USCIS may reject or deny the request.  If the benefit request was approved when USCIS determines the correct fee was not paid, the approval may be revoked upon notice.

8 C.F.R. § 103.2(a)(7)(ii)(D)(1) (emphasis added).  By its terms, however, the regulation does not apply.  USCIS did not accept or approve the first petition.  It rejected it.  Further, USCIS did not "determine[] later" after it accepted the first petition that the asylum fee was not paid.  Rather, USCIS rejected the petition due to nonpayment upon initial review.

Lastly, the plaintiff contends that the instructions for the I-140 form state, "If paying by check or money order, submit the fee separately."  The plaintiff maintains it promptly submitted the asylum fee by check "separately" via the second petition and USCIS refused to treat the second petition as a continuation of the first petition.  "Separately" cannot and does not mean filed with a second petition.  This is because, as stated in the relevant regulation, "[a] benefit request which is rejected will not retain a filing date."  8 C.F.R. § 103.2(a)(7)(ii).  Here, USCIS rejected the first petition.  In accordance with this regulation, the second petition does not retain the filing date of the first petition, i.e., January 17.  The one-page letter accompanying the rejection notice for the first petition bolsters this finding.  It unerringly

16

states, "Your rejected benefit request will not retain a filing date."  (D. 1, p. 82).[12]

Turning to the second and third petitions, USCIS' rejections are also based on a rational view of the record.  Of note, the parties do not dispute that a labor certification is required in conjunction with an I-140 petition for the plaintiff to hire and employ Fares.  (D. 1, p. 6) (complaint stating, "Employers are to submit the original Labor Certification from [DOL] with an I-140, Petition . . . ."); (D. 17, p. 4) ("After DOL grants the Labor Certification, the employer may file an I-140 petition and the Labor Certification with USCIS . . . .").  To continue, an employer seeking to hire a noncitizen, nonresident skilled worker must obtain a labor certification from DOL for the employee to enter the United States.  *See* 8 U.S.C. § 1182(a)(5)(A) (nonresident alien seeking to perform "skilled or unskilled" labor must have a labor certification to enter United States);[13] 8 U.S.C. § 1153(b)(3)(C) ("[I]mmigrant visa" for noncitizen "may not be issued . . . until consular officer is in receipt of" a labor certification); 8 C.F.R. § 205.5(l)(3)(i); *see also SnapNames.com, Inc. v. Chertoff*, No. CV

---

[12] The foregoing weighs against the application of equitable tolling, as discussed *infra*.  It is also not clear what the term "separately" means.  However, it does not matter because, as explained, "separately" does not mean filing the asylum fee in the second petition.

[13] Although the statute includes exceptions, they do not apply to the circumstances at issue here.  *See* 8 U.S.C. § 1182(a)(5).  As an aside, section 1182(a)(5) uses the term "alien," which "means any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).

06-65-MO, 2006 WL 3491005, at *4 (D. Or. Nov. 30, 2006) ("[E]mployment-based visa petitions, including those for "skilled workers," require a labor certification.") (citing 8 C.F.R. § 204.5(l)(3)(i)). And, as previously stated, a labor certification expires 180 days after issuance. 20 C.F.R. § 656.30(b)(1). What is more, it is USCIS' policy to reject I-140 petitions accompanied by an expired labor certification. (D. 1, p. 105) (USCIS' Policy Manual stating "USCIS rejects petitions that require an approved labor certification if the . . . certification has expired . . . ."). Adhering to this policy and the above regulation, USCIS rejected the second petition because the labor certification had expired by the time the agency received the second petition. Likewise, USCIS rejected the third petition given the absence of a valid labor certification.

To be sure, the plaintiff correctly points out that the labor certification expired during USCIS' adjudication of the first petition. Further, the plaintiff received the rejection notice anent the first petition on February 7 and quickly submitted the second petition, which USCIS received on February 11. The plaintiff contends the court therefore should overlook the submission of the second petition with the expired labor

18

certification and treat it as a continuation of the first petition with that petition's January 17 filing date.[14]

First and foremost, USCIS rejected the first petition and, per regulation, "[a] benefit request which is rejected will not retain a filing date."  8 C.F.R. § 103.2(a)(7)(ii).  The plaintiff's attempt to treat the second petition as a continuation of the first petition is directly contrary to this regulation. Moreover, "USCIS's failure to depart from its own regulations in order to accept a deficient petition is not arbitrary, capricious, or an abuse of discretion" under the APA.  *Espindola v. U.S. Dep't of Homeland Sec.*, 1:20-cv-1596 (MAD/DJS), 2021 WL 3569840, at *5 (N.D.N.Y. Aug. 12, 2021).  In *Espindola*, USCIS followed its own regulations and rejected a visa petition because it was missing a signature.  Concomitantly, the court explained that "a rejected petition for a missing signature will not retain its filing date." *Id*. (citing 8 C.F.R. § 103.2(a)(7)(ii)); *accord Cowboy World*, 2025 WL 3287640, at *1, *4 (rejecting APA claim because "USCIS followed its own regulations[,] . . . properly rejected" two I-140 petitions, and USCIS' "failure to depart from its own regulations . . . is not arbitrary, capricious, or an abuse of discretion") (citing *Espindola*, 2021 WL 3569840, at *5).

---

[14] These same facts, according to the plaintiff, are germane to equitable tolling.

Second, the decision in *Cowboy World* is indistinguishable except, perhaps, with respect to the plaintiff's argument that the labor certification expired during USCIS' review of the first petition. Overall, though, the facts are strikingly similar, and the court's reasoning is persuasive. *See Cowboy World*, 2025 WL 3287640, at *1, *3-4. To begin with the facts, USCIS received the employer's first I-140 petition on September 3, 2024, and the employer submitted a credit card to pay the fees. Difficulties processing the credit card payment for the asylum fee led USCIS to reject the first petition on September 6 for failure to pay the asylum fee. *See id*. at *3-4. The employer filed a second petition on September 18. The USCIS rejected that petition because the labor certification had expired. *Id*. at *1.

Next, the court's reasoning is unassailable. It reads as follows:

> Because USCIS properly rejected Petitioner's first I-140 submission, USCIS cannot be compelled to accept Petitioner's resubmission of the I-140 with an expired labor certification. The regulation is clear: "A benefit request which is rejected will not retain a filing date." 8 C.F.R. § 103.2(a)(7)(ii); *see Espindola v. U.S. Dep't of Homeland Sec.*, 2021 WL 3569840, at *1 (N.D.N.Y. 2021). Because USCIS properly rejected Petitioner's first I-140 filing, the original filing date is not retained for Petitioner's second filing. It is undisputed that when Petitioner re-filed its I-140 on September 18, 2024 with the applicable filing fees, the underlying labor certification had already expired. Therefore, USCIS also properly rejected Petitioner's second filing of the I-140 because it was not filed with a valid labor certification, as required by law. *[S]ee* 8 U.S.C. § 1153(b)(3)(C) [additional citation omitted]; *Espindola*, 2021 WL 3569840 at *4-5 . . . .

*Cowboy World*, 2025 WL 3287640, at *4 (omitting citations to the record).

In sum, USCIS rejected the first petition due to the absence of the asylum fee, which regulations require.  8 C.F.R. § 103.2(a)(7)(ii)(D);  8 C.F.R. § 103.2(a)(1);  8 C.F.R. § 106.2(c)(13).  Given these regulations, the failure to submit the fee was neither minor nor technical.  Further, the second petition does not retain the filing date of the first petition (January 17).  8 C.F.R. § 103.2(a)(7)(ii).  In that regard, "separately" does not mean that a different, subsequently filed petition, even one submitted promptly after receipt of the first rejection, retains the filing date of the first petition. *See id*.  USCIS rejected the second and third petitions due to the invalid, expired labor certification.  The rejections were in accord with the 180-day regulation in section 656.30(b)(1).  Per the foregoing, all of the rejections are supported by a rational view of the record. Simply put, USCIS acted in accordance with regulations, and the APA claim fails to state a plausible claim for relief.

## C.  MVA Claim

As stated previously, the plaintiff seeks a writ of mandamus "to compel the defendants to properly process" the I-140 petitions.[15]  (D. 1, p. 5).  The defendants submit that USCIS acted

---

[15] Similar to the MVA claim, the claim for declaratory relief seeks a declaration for USCIS "to properly process the Plaintiff's [petition]" and, concomitantly,

21

in accordance with the applicable regulations in rejecting both the first petition as well as the second and third petitions.

The MVA "vests district courts with 'original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff' . . . ." *Ghasemi v. Rubio*, Civil Action No. 25-cv-10345-ADB, 2025 WL 3080581, at *4 (D. Mass. Nov. 4, 2025); 28 U.S.C. § 1361. A writ of mandamus is "an extraordinary writ reserved for special situations." *In re City of Fall River, Mass.*, 470 F.3d 30, 32 (1st Cir. 2006). Entitlement to the writ requires the plaintiff to establish that it "has: (1) a 'clear' right to relief; (2) no other adequate remedy; and that (3) there is 'a clearly defined and peremptory duty' on defendant's part to do the action sought." *Kris v. Lippoth*, Civil No. 24-40135-DHH, 2025 WL 70329, at *1 (D. Mass. Jan. 10, 2025) (citation omitted); *Kinuthia v. Biden*, Civil Action No. 21-11684-NMG, 2022 WL 17653503, at *9 (D. Mass. Nov. 9, 2022) (citation omitted), *Report and Recommendation Adopted*, *Kinuthia v. Biden*, Civil Action No. 21-11684-NMG (D. Mass. Jan. 6, 2023), ECF No. 53.

As noted, the defendants argue that the plaintiff lacked a clear right to relief and USCIS did not violate a clear duty. They

---

a declaration that USCIS "erroneously and untimely rejected the Plaintiff's application causing the Labor Certificate to become stale." (D. 1, pp. 5-7, 13). As discussed *infra*, as well as with respect to the APA claim, USCIS acted in accordance with the pertinent regulations. As such, the requests for declaratory relief are without merit.

are correct.  As explained with respect to the APA claim, USCIS acted in accordance with the applicable regulations in rejecting the first petition due to the failure to pay the asylum fee.  *See* 8 C.F.R. §§ 103.2(a)(1); 8 C.F.R. 103.2(a)(7)(ii)(C), (D); 8 C.F.R. § 106.2(c)(13).  Further, "separately" submitting the asylum fee by check does not and cannot mean submitting the fee in the second petition.  *See* 8 C.F.R. § 103.2(a)(7)(ii) ("A benefit request which is rejected will not retain a filing date.").  Contrary to the plaintiff's argument, USCIS did not reject the first petition based on a technical deficiency of the nonpayment of the asylum fee.  As explained, regulations mandate payment of that fee with the I-140 petition as well as "when the request is filed or submitted."  8 C.F.R. § 103.2(a)(1); *see* 8 C.F.R. § 103.2(a)(7)(ii)(D).

USCIS also acted in accordance with the pertinent regulations and statutes in rejecting the second and third petitions based on the invalid, expired labor certification.  As explained, a labor certification is required for a nonresident, noncitizen skilled worker to enter the United States.  *See* 8 U.S.C. § 1182(a)(5)(A); 8 U.S.C. § 1153(b)(3)(C).  By regulation, a certification expires 180 days after issuance.  20 C.F.R. § 656.30(b)(1).  When the plaintiff filed and the USCIS received the second and third petitions, the labor certification had expired.

In short, where, as here, USCIS rejected the three petitions based on the germane regulations and statutes, the plaintiff is

23

unable to establish "a 'clear right to the relief'" or a clearly defined and peremptory duty by ISCIS not to reject the petitions. *See Espindola*, 2021 WL 3569840, at *4 (rejecting MVA claim to accept temporary nonimmigrant visa for foreign worker lacking signature because plaintiffs failed "to demonstrate a 'clear right to the relief sought' or that the USCIS had a 'plainly defined and peremptory duty to perform the act in question.'"); *accord Cowboy World*, 2025 WL 3287640, at *4 (rejecting entitlement to mandamus writ because petitioner failed to allege "facts on which he has 'a clear right to the relief sought'") (citation omitted).

Thus, largely for the reasons stated vis-à-vis the APA claim, USCIS denied the petitions in accordance with the regulatory and statutory framework as well as USCIS policy.  Accordingly, the court lacks subject matter jurisdiction over the MVA claim.  *See Espindola*, 2021 WL 3569840, at *4 (rejecting MVA claim because court lacks subject matter jurisdiction); *see also Gonzalez v. USCIS*, Civil Action No. 21-10286-FDS, 2022 WL 658658, at *1, *4 (D. Mass. Mar. 4, 2022); *Khitab v. Novak*, 524 F. Supp. 2d 105 (D. Mass. 2007) (allowing motion to dismiss for lack of subject matter jurisdiction to compel immigration authorities to act on petition for naturalization).

D.  **Equitable Tolling**

Equitable tolling applies to claims processing rules, which can be waived, as opposed to jurisdictional rules, which cannot be

waived.  *See Riley v. Bondi*, 606 U.S. 259, 273-275 (2025); *United States v. Wong*, 575 U.S. 402, 408-409 (2015).  Here, the 180-day time limit is a claims processing rule as opposed to a jurisdictional rule.  Indeed, "It is hornbook law that limitations periods are 'customarily subject to "equitable tolling."'" *Holland v. Florida*, 560 U.S. 631, 646 (2010) (quoting *Young v. United States,* 535 U.S. 43, 49 (2002)); *see Riley*, 606 U.S. at 276 (noting that, after a 1995 decision, Court has "repeatedly found that filing deadlines, including some couched in mandatory terms, are not jurisdictional").  Accordingly, the 180-day time limit rule is subject to equitable tolling.

As previously stated, equitable tolling requires the plaintiff to "prove:  '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Kwoka v. Enterprise Rent-A-Car Company of Boston, LLC*, 141 F.4th 10, 17 (1st Cir. 2025) (quoting *Menominee Indian Tribe of Wisconsin v. United States,* 577 U.S. 250, 255 (2016)); *accord Holland*, 560 U.S. at 649 (petitioner "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted).  The doctrine is "'sparingly' invoked . . . ."  *Jobe v. I.N.S.*, 238 F.3d 96, 100 (1st Cir. 2001) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96

(1990)).  A "lack of legal knowledge" does not "constitute[] an 'extraordinary circumstance.'"  *Trivedi v. Gen. Elec. Co.*, Civil Action No., 2020 WL 9744754, at *6 (D. Mass. Aug. 13, 2020) (citation omitted).

Within the above two-part framework, five factors guide the determination:  "(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit."  *Jobe*, 238 F.3d at 100 (citation omitted); *see also Kwoka*, 141 F.4th at 17 (stating five factors are "consider[ed] 'within the Supreme Court's two-part standard") (citation omitted).  Of note, "The fundamental principle is that equitable tolling 'is appropriate only when the circumstances that cause a party to miss a filing deadline are out of his hands.'"  *Gyamfi v. Whitaker*, 913 F.3d 168, 175 (1st Cir. 2019) (quoting *Jobe*, 238 F.3d at 100).

The defendants maintain that extraordinary circumstances are absent.  They are correct.  To begin, the plaintiff identifies the following as extraordinary circumstances:  (1) the ambiguity in the instructions to submit the asylum fee "separately" if paying by check (D. 18, p. 6) (D. 21, pp. 6, 9-10);[16] (2) USCIS' retention

---

[16] The plaintiff adds two facts that evidence the ambiguity:  (1) the unusually high number of rejections of I-140 petitions for failure to include the asylum fee; and (2) the December removal of the language to "separately" file the fee

26

of the valid labor certification until it expired during its adjudication of the first petition while knowing about the ambiguity in the instructions of submitting the asylum fee separately (D. 18, p. 10) (D. 21, p. 6); (3) the submission of the second petition with the separate check of $300.00 for the asylum fee paid "separately" in accordance with the instructions (D. 18, p. 3) (D. 21, pp. 9-10); (4) the March letter explaining the error of rejecting the first petition for failing to include the asylum fee (D. 18, p. 3) (D. 21, pp. 9-10); and (5) USCIS' repeated erroneous rejections of the three petitions (D. 18, pp. 2, 10) (D. 21, p. 10).  None of these circumstances are extraordinary alone or in combination.  Importantly, as previously indicated, "separately" does not mean submitting the asylum fee by check in another petition.  *See* 8 C.F.R. §§ 103.2(a)(1), 103.2(a)(7)(ii). Moreover, there is no ambiguity vis-à-vis "separately" when applied in the context of the circumstances here, namely, submitting the $300 check in the second petition as a substitute for not submitting the fee *with* the first petition.  *See* 8 C.F.R. §§ 103.2(a)(1), 103.2(a)(7)(ii).

Moreover, the five factors do not warrant extending the 180-day time limit of the labor certification and thereby render it timely when the plaintiff submitted the second and third petitions.

---

if paying by check.  The plaintiff further notes that USCIS did not return the labor certification when it rejected the first petition.

The plaintiff had constructive knowledge of the 180-day time limit. DOL approved the labor certification, and the plaintiff received it on July 26, 2024.  (D. 1, pp. 12, 17).  The approval noted the January 22 expiration date.  (D. 1, p. 17).  The time-period between July 26 and January 22 is exactly 180 days.  To be sure, the plaintiff's prompt filing of the second petition indicates diligence.  Contrarily, however, he waited until early January to offer Fares employment, thereby delaying the process until the month the certification expired.  Thus, except for the thirteen-day period during which USCIS adjudicated the first petition, the delay that caused the plaintiff to miss the 180-day deadline was to a large degree within the plaintiff's control.

As also explained, USCIS correctly adhered to regulations and statutes in rejecting the second and third petitions for lack of a valid unexpired labor certification.  Applying equitable tolling in the manner the plaintiff suggests would conflict with these regulations and is therefore inadvisable.  *See generally Katz v. U.S. Dep't of Labor*, 857 Fed. Appx. 859, 863 (7th Cir. 2021) (discounting plaintiff's reason to find extraordinary circumstances based on nonreceipt of administrative law judge's order by email and contending order should have been mailed while noting "[a]gency regulations authorize service by email") (unpublished).

28

In sum, for these and other reasons, equitable tolling is not warranted.

## VI.   <u>CONCLUSION</u>

In accordance with the foregoing, the motion to dismiss (D. 16) is **<u>ALLOWED</u>** as to the APA and MVA claims.   The court for the same reasons will also deny the requests for declaratory relief. Accordingly, the complaint is **<u>DISMISSED</u>** in its entirety.

<u>/s/ Donald L. Cabell</u>
DONALD L. CABELL, U.S.M.J.


DATED:   March 18, 2026

29